IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shonn Raphelle McCain, | ) C/A No. 0:11-1737-JFA-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden D. Drew; Food Adm. Mr. Kinnion; Food Service Supervisor Mr. Stremcuic, | ) |
| Defendants. | ) |

The plaintiff, Shonn Raphelle McCain, ("Plaintiff"), a self-represented federal prisoner, brings this action pursuant to the Federal Tort Claims Act alleging that defendants' negligence resulted in Plaintiff suffering a serious burn injury while working at his assigned prison job in the kitchen. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at FCI Bennettsville and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed, without prejudice, because Plaintiff brings this action prematurely, before he has fully complied with the required administrative filing provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 to 2680.

**INITIAL REVIEW GENERALLY**

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The in forma pauperis statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may

be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

### DISCUSSION

Actions to recover damages for negligence of federal officials and agencies are contemplated by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680.[1] The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

---

[1] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Notably, a suit under the FTCA lies *only against the United States*, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975); see also 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").



28 U.S.C. § 2675(a). Under 28 U.S.C. § 2401 the claim must be filed within two years of the occurrence.

The Federal Bureau of Prisons has adopted a Program Statement which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injury sustained while in custody. Program Statement 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a Claim") describes the procedure for obtaining a Standard Form ("SF-95") and filing a claim. Among the items required on the SF-95 is a "sum certain" (i.e., a specific amount of money).[2] This information is mandatory, as the United States Court of Appeals for the Fourth Circuit explained in Kokotis v. U. S. Postal Serv., 223 F. 3d 275, 278 (4th Cir. 2000) (citations omitted):

> An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), **and** "a claim for money damages **in a sum certain** . . ." 28 C.F.R. § 14.2(a)(1999) (emphasis added); **see also** 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over a subsequently filed FTCA suit.

Because FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements—such as filing of the administrative claim—is not only mandatory but is also "jurisdictional and may not be waived." Henderson v. United States, 785 F. 2d 121, 123 (4th Cir. 1986); see also Kielwien v. United States, 540 F. 2d 676, 679 (4th Cir. 1976). Consequently, this court lacks jurisdiction to hear the instant action because

---

[2] Punitive damages are not recoverable under the FTCA. See 28 U.S.C. § 2674; In re Air Crash Disaster at Charlotte, N.C. on July 2, 1994, 982 F. Supp. 1101, 1111 (D.S.C. 1997).

Plaintiff has not yet complied with the strict provisions of the FTCA requiring that an administrative claim first be filed with the appropriate federal agency *before* commencement of a civil action in a district court.[3]  See 28 C.F.R. § 14.2; and the "SF-95." Since the Complaint does not show that Plaintiff has submitted a Standard Form 95 to the Federal Bureau of Prisons or the United States Department of Justice, this case should be dismissed for failure to exhaust federal administrative remedies.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in this matter be summarily dismissed, without prejudice and without issuance and service of process.  See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court.  28 U.S.C. § 2401(b).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).